# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

L.M., by SHANEIQUE   )
MCCOLLUM,      )
            )
            )
    Plaintiff,   )
            )
v.          )   CV421-208
            )
COMMISSIONER OF SOCIAL )
SECURITY,      )
            )
    Defendant.  )

## ORDER

Plaintiff Shaneique McCollum seeks judicial review of the Social Security Administration's denial of an application for Supplemental Security Income (SSI) filed on behalf of L.M., a minor (sometimes "Claimant").

## I.  GOVERNING STANDARDS

In social security cases, courts

. . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation

and brackets omitted).   "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

*see also Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019) ("Substantial evidence . . . is 'more than a mere scintilla.'  [Cit.]  It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citations omitted)).

Under the substantial evidence test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

The burden of proving disability lies with the claimant.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  "For a person under age 18 to be entitled to SSI benefits, that person must have 'a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Bryant v. Soc. Sec. Admin.*, 478 F.

App'x 644, 645 (11th Cir. 2012) (quoting 42 U.S.C. § 1382c(a)(3)(C)(i)). The Social Security Administration uses a three-step sequential analysis to determine whether a child is entitled to disability benefits. *Parks ex rel. D.P. v. Comm'r of Soc. Sec.*, 783 F.3d 847, 850 (11th Cir. 2015); *see also* 20 C.F.R. § 416.924.   At the first step, the Commissioner must determine whether the claimant is engaging in substantial gainful activity; if so, the claim is denied.   20 C.F.R. § 416.924(b).   At the second step, the Commissioner must determine whether the claimant has a severe impairment or combination of impairments; if the claimant does not have any severe impairments, the claim is denied.   20 C.F.R. § 416.924(c).   At the third and final step, the Commissioner must determine whether the child's impairments meet or equal the "listings." 20 C.F.R. § 416.924(d).   If the claimant does not have an impairment that meets, medically equals, or functionally equals the listings, she will be found not disabled.   20 C.F.R. § 416.924(d)(2).

## II.   BACKGROUND

L.M., who alleges disability since his birth on July 5, 2018, was nine months old, a newborn/young infant, at the time of application and two years old, an older infant/toddler, when his SSI claim was denied.   Tr. 33-

34; 146-154 (protective filing for SSI benefits); *see* 20 C.F.R. § 416.926a(g)(2)(i), (ii). After a hearing, the ALJ issued an unfavorable decision. Tr. 15-22. The ALJ found that L.M.'s global development disorder, receptive language disorder, and delay milestones in childhood were severe impairments, tr. 16, but that they did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, tr. 17.

Next, the ALJ considered the six functional equivalence domains to determine whether the Claimant's impairments functionally equaled the listings. Tr. 18-22; *see* 20 C.F.R. § 416.926a(b)(1). He found that L.M. had no limitation in the domains of "acquiring and using information" and "ability to care for himself," and less than a marked limitation in the domains of "attending and completing tasks," "interacting and relating with others," "moving about and manipulating objects," and "health and physical well-being." *Id.* Because he did not find a "marked" limitation in at least two domains, or an "extreme" limitation in at least one domain, the ALJ concluded that her impairments did not functionally equal the severity of the listings. Tr. 22; *see* 20 C.F.R. § 916.926a(d). Therefore,

the ALJ determined that L.M. had not been disabled since the date the SSI application was filed.  Tr. 22.

## III.  ANALYSIS

Plaintiff contends that the ALJ erred by finding that L.M.'s severe impairments did not meet Listing 112.14, doc. 15 at 5-9, and in failing to properly evaluate the functional domains, *id.* at 9-11.  Defendant responds that Plaintiff has not meet her burden of establishing Claimant's impairments met or equaled the Listing during the relevant period, doc. 16 at 6-20, and that the ALJ's functional domain findings are supported by substantial evidence, *id.* at 20-23.  The Court addresses each issue in turn.

### A.  Listing 112.14

Plaintiff bears the burden of showing that Claimant's impairments meet or equal the Listing.  *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991).  "A child's impairments 'meet' an impairment in the Listing if [he] actually suffers from the limitations specified by it for [his] severe impairment.  *Holland ex rel West v. Comm'r Soc. Sec.*, 842 F. App'x 344, 347 (11th Cir. 2021) (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002)).  Limitations "medically equal" a Listing if they " 'are at least

of equal medical significance to those of a listed impairment.'" *Id.*

(quoting 20 C.F.R. § 416.926(a)(2)).

At issue here is Listing 112.14, which states:

112.14 Developmental disorders in infants and toddlers (see 112.00B11, 112.00I), satisfied by A and B:

A. Medical documentation of one or both of the following:

1. A delay or deficit in the development of age-appropriate skills; or

2. A loss of previously acquired skills.

AND

B. Extreme limitation of one, or marked limitation of two, of the following developmental abilities (see 112.00F):

1. Plan and control motor movement (see 112.00I4b(i)).

2. Learn and remember (see 112.00I4b(ii)).

3. Interact with others (see 112.00I4b(iii)).

4. Regulate physiological functions, attention, emotion, and behavior (see 112.00I4b(iv)).

20 C.F.R. § Pt. 404, Subpt. P, App. 1.  A marked limitation for children

occurs when an impairment interferes seriously with a claimant's ability

to independently initiate, sustain, or complete activities, and is a

limitation that is "more than moderate" but "less than extreme."  20

C.F.R. § 416.926a(e)(2).  An extreme limitation occurs when an

impairment interferes very seriously with the claimant's ability to

independently initiate, sustain, or complete activities, and is a limitation that is "more than marked."  20 C.F.R. § 416.926a(e)(3).

The ALJ found that "[t]he severity of the claimant's mental impairments do not meet or medically equal the criteria of listings 112.14."  Tr. 17.  Plaintiff disagrees, arguing the Claimant's treating pediatrician's statements, his mother's testimony before the ALJ, and the medical record support a marked limitation in §112.14A1 B1 (Plan and control motor movement), §112.14A1 B2 (Learn and remember), §112.14A1 B3 (Interact with others), and §112.14A1 B4 (Regulate physiological functions, attention, emotion, and behavior).  Doc. 15 at 6-9.  Defendant responds that the ALJ appropriately considered the treating pediatrician's opinions in finding them to be of little persuasive value, the record evidence supports the ALJ's determination, and the Plaintiff waived any challenge to the ALJ's discounting of her subjective testimony.  Doc. 16 at 14-20.

Defendant is correct that the ALJ appropriately considered the treating pediatrician's opinions under the newly adopted regulations. For claims filed after March 27, 2017, as here, the ALJ need not defer or give any specific weight to medical opinions or prior administrative

medical findings. 20 C.F.R. § 404.1520c(a).[1] Rather, to determine the persuasiveness of a medical opinion or prior administrative finding in the record, the ALJ focuses on factors that include supportability, consistency, the medical source's relationship with the claimant, and the medical source's specialization. *Id.* § 404.1520c(c).

The Eleventh Circuit has recently summarized the effect of the 2017 amendments to the SSA's regulations:

> This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion. Under the new regulations an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. [20 C.F.R.] § 404.1520c(c)(1)-(5).

> The ALJ may, but is not required to, explain how she considered factors other than supportability and consistency, which are the most important factors. *Id.* § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative finding(s) will be." *Id.* § 404.1520c(c)(1). And "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with

---

[1] The Commissioner argued in detail the applicability of the new regulations to Plaintiff's case. *See* doc. 16 at 7-14. Plaintiff did not file a reply and therefore does not rebut the argument. *See generally* docket. There is no dispute that the new regulations are applicable here.

8

> the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2).

*Matos v. Comm'r of Soc. Sec.*, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022). As for the two most important factors, "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).

The ALJ acknowledged that the Claimant's treating pediatrician, Dr. Alford, opined that his "impairments meet the listing due to marked limitations in attending and completing tasks because of poor receptive language and marked limitations in interacting and relating with others because of global developmental delay."[2] Tr. 21 (citing tr. 533). However,

---

[2] The Acting Commissioner argues that Dr. Alford's opinion of "marked" limitations in attending and completing tasks and interacting and relating with others does not automatically equate to an opinion of an "extreme" or "marked" limitation in "Learn and remember" or "Interact with others" under Listing 112.14(B). Doc. 16 at 17-18. Plaintiff contends the findings in her report "alone would equate to the Listing of Development Disorder in Infants and Toddlers under § 112.14A1, B2 of a marked limitation in his ability to learn and remember and B3 with a marked limitation in his ability to interact with others." Doc. 15 at 8. Because the ALJ appropriately discounted the pediatrician's opinions, the Court need not address whether those opinions could have supported a finding of disability under Listing 112.14(B).

the ALJ found that opinion to be of little persuasive value, because the most recent physical therapy and medical records noted the Claimant was making progress in some developmental milestones. Tr. 21-22. The ALJ highlighted the Claimant's improved speech and receipt of occupational and physical therapy resulting in "making progress toward all goals regarding fine motor and visual-motor skills." Tr. 22.

Related to supportability, the ALJ discussed the September 2020 well-check exam by Dr. Alford, which "showed no abnormal findings." Tr. 21 (citing tr. 538-39). At that exam, a review of Claimant's systems were all negative for concerns and his noted developmental milestones included 50-word vocabulary, use of pronouns and two word phrases, parallel play and plays pretend, follows two step commands, jumps with both feet off of floor, kicks a ball and stacks four cubes. Tr. 21 (citing tr. 537). That exam also revealed Claimant "moves all extremities spontaneously with normal reflexes and normal tone and strength." Tr. 21 (citing, *inter alia*, tr. 539). In explaining the little persuasive value afforded to Dr. Alford's opinions, the ALJ noted some concerning gross motor delay but observed, based in part on Dr. Alford's own medical records, that Claimant is now able to take steps, walk with shoes, climb

furniture with difficulty getting down, jump with both feet off the floor, and kick a ball.  Tr. 22.

As the Acting Commissioner explains, the ALJ also discussed other medical evidence in the record inconsistent with Dr. Alford's opinion. Doc. 16 at 16 (citing 20 C.F.R. § 416.920c(c)(2)); *see also Cook*, 2021 WL 1565832, at *3 (explaining the consistency factor).  The ALJ referred specifically to Claimant's most recent physical therapy records as providing support for his evaluation of the pediatrician's opinion, since they showed he was "making progress in some developmental milestones."  Tr. 22.  Those records show that while Claimant had been diagnosed with delayed milestone in childhood and generalized muscle weakness, he was receiving physical and occupational therapy, had met his goals of sitting unassisted and taking steps and walking with shoes on, his speech had improved and he was reacting to some language, he interacted with his mother some, and he had improved eating with a fork and spoon.  Tr. 20-21 (citing tr. 482, 518, 521).  The ALJ also referred to the State Agency medical consulting doctors' determination that Claimant had no limitations other than "less than marked in the domain of moving about and manipulating objects because of left lower extremity

weaknesses." Tr. 21 (citing tr. 63-64, 76-77).   Substantial evidence supports the ALJ's discounting of Dr. Alford's opinion based on its inconsistency with the record.  *See Matos*, 2022 WL 97144, at *4.

Plaintiff also cites to her own testimony during the hearing as support for her argument that Claimant's limitations meet the Listing. Doc. 15 at 8.   The ALJ considered Plaintiff's testimony about the intensity, persistence and limiting effects of the Claimant's alleged symptoms and found it to be not entirely supported by the evidence of record.   Tr. 19.   Ultimately, "[c]redibility determinations are for the Commissioner, not the courts." *Taylor v. Comm'r of Soc. Sec. Admin.*, 213 F. App'x 778, 779 (11th Cir. 2006) (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1242 (11th Cir. 1983)).  In rejecting lay witness testimony, the ALJ need only provide "arguably germane reasons" for dismissing the testimony, even if he does "not clearly link his determination to those reasons." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (cited in *Cole v. Comm'r of Soc. Sec.,* 2012 WL 4077233 at *4 (M.D. Fla. Sept. 17, 2012) and *Carter v. Colvin*, 2017 WL 360926, at * 1 (S.D. Ga. Jan. 3, 2017)). An ALJ may reject lay witness testimony if it is inconsistent with the record. *See, e.g., Lewis*, 236 F.3d at 511-12 (rejecting lay witness testimony

conflicting with the plaintiff's testimony and the medical record); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (rejecting lay witness testimony conflicting with the medical record).

Plaintiff only addresses the ALJ's determination to discredit her testimony by arguing, in wholly conclusory fashion, that the ALJ "makes no findings of any inconsistencies with these statements." Doc. 15 at 9. On the contrary, the ALJ's decision explains the medical evidence of record and intersperses notes from that evidence he found to be inconsistent with the mother's testimony. Tr. 20-21. *Compare* tr. 19 (discussing mother's testimony that claimant only interacts affectionately with his grandmother, does not use eating utensils, and cannot kick a ball) *with* 21 (discussing records regarding claimant's interaction with mother and improved eating with a fork and spoon, and medical exam showing claimant can kick a ball). The credibility determination is based on substantial evidence and does not require remand.

**B.   Functional Domain Analysis**

The ALJ found Claimant to have no limitations in acquiring and using information or ability to care for himself, and less than marked

limitations in attending and completing tasks, interacting and relating with others, moving about and manipulating objects, and health and physical well-being. Tr. 18. Plaintiff argues this is error, because the "evidence" supports a marked limitation in acquiring and using information, attending and completing tasks, and interacting and relating with others. Doc. 15 at 9-10.

Plaintiff must do more than point to evidence in the record that supports her allegations. *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017). She must show the absence of substantial evidence supporting the Commissioner's decision. *Id.* A Court reviewing the final decision of the Social Security Administration must affirm if the decision is supported by substantial evidence, even if the evidence preponderates against it. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). "Thus, highlighting proof in the record that supports a party's desired outcome, without explaining why the administrative law judge's proffered reasoning was itself flawed, does not warrant a reversal." *Rodriguez obo R.C. v. Berryhill*, 2021 WL 5023951, at *7 (11th Cir. Oct. 29, 2021).

Plaintiff conclusorily states that the "ALJ's analysis of domains one, two, and three are suspect given the medical evidence of record." Doc. 15 at 10.   However, as discussed above, the ALJ appropriately considered the medical evidence in discounting the medical opinion of the Claimant's treating pediatrician and in discounting the testimony of the Claimant's mother.   Plaintiff does not identify any other flaws with the ALJ's reasoning or point to the absence of substantial evidence supporting his decision.   *Sims*, 706 F. App'x at 604; *Rodriguez obo R.C.*, 2021 WL 5023951, at *7.   The final decision of the Acting Commissioner is **AFFIRMED**.

## IV.   CONCLUSION

For the reasons set forth above, the Acting Commissioner's final decision is **AFFIRMED**.   The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED**, this 26th day of September, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA